## No. 87
## OHIO TRACTION CO. v. BAIRD
### No. 18769. Nov. 15, 1924

Before supreme court on motion to direct Hamilton Appeals to certify; docketed Aug. 29, 1924, 2 Abs. 531.

960. PROOF—Street car and auto collision—Upon whom rests the burden of proving or disproving contributory negligence in the instant case?—direction of verdict—ordinance as evidence—admissibility of bedside notes of plaintiff taken in hospital.

Published only in Ohio Law Abstract

Baird recovered a judgment against the Traction Company in the sum of $28,549.93 for personal injuries sustained as the result of a collision between a street car and his automobile. The company set up the defense that Baird violated two ordinances of Cincinnati in turning into the street upon which the collision occurred without giving any visible or audible signal that he was about to make the turn, and without making sure that the turn could be executed in safety. The company raised the question of contributory negligence.

1. It is claimed that the court committed

## STATE SUPREME COURT—Continued

error in its general charge in requiring that the burden of proof was upon the company to prove all affirmative defense by a preponderance of the evidence, whereas it is contended that the correct rule is that the burden of proof to establish contributory negligence rests upon the defendant only when the plaintiff's own testimony does not raise a presumption of such contributory negligence, and if such presumption is raised, the burden of proof rests upon the plaintiff to remove that presumption.

2. That the court committed error in giving a special charge which it is claimed invades the province of the jury by defining what a motorman must do in the exercise of ordinary care and which directs a verdict for the plaintiff without leaving the question of proximate cause to the jury and entirely disregards the question of contributory negligence.

3. It is further contended that the court committed error in refusing to admit the ordinance of Cincinnati which regulates the speed of traffic in evidence. It was contended that this ordinance is void and inoperative because it conflicts with GC. 12603 and 12608.

It is further contended that the court committed error in admitting the doctor's and nurse's bedside notes of the plaintiff while the plaintiff was a patient in the Cincinnati General Hospital on the grounds that they were public records.

It was claimed that the verdict is excessive and returned under the influence of passion and prejudice.

Attorneys—De Camp, Sutphen & Brumleve, for company; Bolsinger & Bolsinger, for Baird; all of Cincinnati.